[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12679
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00444-SCJ-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO GIRON-LARA,
a.k.a. Alfonso Giron,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 1, 2015)

Before TJOFLAT, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alfonso Giron-Lara appeals his 24-month sentence, imposed at the low-end of the advisory guideline range, after pleading guilty to one count of illegal reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On appeal, he argues his 24-month sentence is substantively unreasonable because the district court emphasized his prior felony statutory rape conviction too heavily. Also, he argues his sentence is greater than necessary to serve the sentencing goals in § 3553(a), and contends that his history and personal characteristics justified a downward variance.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the "substantive reasonableness of the sentence imposed under an abuse of discretion standard, based on the totality of the circumstances." *United States v. Beckles*, 565 F.3d 832, 845 (11th Cir. 2009) (internal quotation marks omitted).  "We will remand for resentencing only when left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Flanders*, 752 F.3d 1317, 1339 (11th Cir. 2014) (internal quotation marks omitted). At issue is not whether we would have imposed the same sentence, but only whether the sentence is reasonable.  *See United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).  The party who challenges "the sentence bears the

burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The weight given to any particular factor is left to the "sound discretion of the district court." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation mark omitted). However, a court can abuse its discretion if "it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189.

Giron-Lara does not demonstrate that his 24-month sentence was substantively unreasonable. The district court stated on the record that it weighed the § 3553(a) factors when deciding Giron-Lara's sentence, including the seriousness of the offense and the importance of deterrence. The record also shows that the court considered that Giron-Lara was in the country illegally, committed an indisputably violent crime, was deported, and returned.

Prior to imposing the sentence, the court was informed of Giron-Lara's personal history, commitment to family, and the age and circumstances surrounding Giron-Lara's statutory rape conviction. Although the court placed emphasis on the seriousness of Giron-Lara's prior statutory rape conviction, the record indicates that it did not do so to the detriment of the other § 3553(a) factors. *Cf. United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). Moreover, we

ordinarily expect a sentence falling within the guidelines range and well below the statutory maximum to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). Here, Giron-Lara's sentence was at the low end of the guideline range–far below the 20-year statutory maximum for his offense.

Because the district court did not abuse its discretion, we affirm Giron-Lara's sentence.

**AFFIRMED.**